# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRUCE RAUNER, Governor of the State of Illinois, ) ) ) Plaintiff, ) ) MARK JANUS, MARIE QUIGLEY, ) and BRIAN TRYGG, ) ) Intervenor-Plaintiffs, ) ) v. ) ) AMERICAN FEDERATION OF ) STATE, COUNTY, AND MUNICIPAL ) EMPLOYEES, COUNCIL 31, et al, ) ) Defendants, ) ) ) ) LISA MADIGAN, Attorney General of ) the State of Illinois, ) ) Intervenor. ) | No. 1:15-CV-01235 Judge Robert W. Gettleman Magistrate Daniel G. Martin |

**EMPLOYEE INTERVENORS' COMPLAINT**

1. Employee Intervenors Mark Janus, Marie Quigley, and Brian Trygg are employed by the State of Illinois. They are each exclusively represented by one of the Defendant unions (the "Unions"), but they are not members of the Unions. The Employee Intervenors are being forced to pay compulsory union fees to as a condition of their employment pursuant to Illinois' Public Labor Relations Act ("IPLRA"), 5 ILCS 315/6.

2. The Employee Intervenors submit that this collection of compulsory fees from them violates their rights under the First Amendment to the United States Constitution. They seek a declaratory judgment against the State and Unions to this effect; injunctive relief that pro-

1

hibits the State and Unions from seizing compulsory fees from them in the future; a declaratory judgment that Executive Order 15-13 is constitutional; and damages from the Unions for compulsory fees wrongfully seized from them.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the Employee Intervenors' claims pursuant to 28 U.S.C. § 1331, because they arise under the United States Constitution, and 28 U.S.C. § 1343, because Employee Intervenors seek relief under 42 U.S.C. § 1983. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Employee Intervenors' and Plaintiff's claims arise in this judicial district, and the Plaintiff and several Defendant unions operate or do business in this judicial district.

## PARTIES

5. Plaintiff Bruce Rauner is the Governor of Illinois and its chief executive officer.

6. Intervenor Lisa Madigan is the Attorney General of the State of Illinois.

7. Defendant American Federation of State, County, and Municipal Employees Council 31 ("AFSCME Council 31"), AFL-CIO, is a labor union that exclusively represents over 35,000 public employees in Illinois, and has an office located at 205 N. Michigan Ave., Suite 2100, Chicago, Illinois 60601.

8. Defendant General Teamsters/Professional & Technical Employees Local Union No. 916 ("Teamsters Local 916") is a labor union that exclusively represents over 2,700 public employees in Illinois, and has an office located at 3361 Teamster Way, Springfield, Illinois 62702.

9. Employee Intervenor Mark Janus resides in Sangamon County, Illinois. He is em-

ployed by Illinois' Department of Healthcare and Family Services in a bargaining unit exclusively represented by AFSCME Council 31. However, Janus is not a member of the Union.

10. Employee Intervenor Marie Quigley resides in Sangamon County, Illinois. She is employed by Illinois' Department of Public Health in a bargaining unit exclusively represented by AFSCME Council 31. However, Quigley is not a member of the Union.

11. Employee Intervenor Brian Trygg resides in Edgar County, Illinois. He is employed by Illinois' Department of Transportation in a bargaining unit exclusively represented by Teamsters Local 916. However, Trygg is not a member of the Union.

**FACTUAL ALLEGATIONS**

**I. Employee Intervenors Are Forced to Pay Compulsory Union Fees Pursuant to State Law and Union Contracts.**

12. Section 6 of IPLRA, 5 ILCS 315/6, grants a designated or recognized union the legal authority to act as "the exclusive representative for the employees of [a bargaining] unit for the purpose of collective bargaining with respect to rates of pay, wages, hours and other conditions of employment not excluded by Section 4 of this Act." 5 ILCS 315/6(c). These terms and conditions of employment include, among other things, health care coverage, retirement benefits, and pensions.

13. The mandatory and permissive subjects of collective bargaining under the IPLRA concern matters of political and public concern over which employees and other citizens may have divergent views and opinions.

14. On information and belief, exclusive representation is not necessary to maintain order and peace amongst employees in public workplaces because, among other things, public employers have other means to ensure workplace discipline.

15. On information and belief, exclusive representation assists unions with recruiting

3

and retaining members because, among other things: employees are more likely to join and support a union that has authority over their terms of employment, as opposed to a union that does not; exclusive representatives are entitled to information about all employees in the unit; and exclusive representatives can negotiate contract terms that facilitate recruiting and retaining members, such as contract terms requiring mandatory union orientations for all employees and automatic deduction of union dues from employees' paychecks.

16. Section 6(e) of the IPLRA provides that:

> When a collective bargaining agreement is entered into with an exclusive representative, it may include in the agreement a provision requiring employees covered by the agreement who are not members of the organization to pay their proportionate share of the costs of the collective bargaining process, contract administration and pursuing matters affecting wages, hours and conditions of employment, as defined in Section 3(g), but not to exceed the amount of dues uniformly required of members. The organization shall certify to the employer the amount constituting each nonmember employee's proportionate share which shall not exceed dues uniformly required of members. In such case, the proportionate share payment in this Section shall be deducted by the employer from the earnings of the nonmember employees and paid to the employee organization.

5 ILCS 315/6(e). The union fee seizures authorized by § 6(e) of the IPLRA shall hereinafter be referred to as "compulsory fees."

17. The State, acting through the Illinois Department of Central Management Services ("CMS"), is a party to a collective bargaining agreement with AFSCME Council 31 effective from June 30, 2012 to June 30, 2015, which is incorporated by reference herein.[1] The contract requires semi-monthly deduction of compulsory fees from the earnings of nonmember employees. *Id*. at Art. IV, § 3.

---

[1] The document is available at http://www2.illinois.gov/cms/Employees/Personnel/Documents/emp_afscme1.pdf (last visited Mar. 16, 2015), and is attached as Exhibit 1.

4

18. The State, acting through CMS, is a party to a collective bargaining agreement with Teamsters Local 916 effective from June 30, 2012 to June 30, 2015, which is incorporated by reference herein.[2] The contract requires that compulsory fees be deducted from the earnings of nonmember employees. *Id.* at Art. III, § 1.

19. Since times before June 30, 2012, the Employee Intervenors have had compulsory fees deducted from their earnings pursuant to the aforementioned contracts.

20. Janus currently has $23.48 deducted from his paycheck every pay period, and estimates that several thousand dollars of compulsory fees have been deducted in total.

21. Quigley currently has approximately $19.75 deducted from her paycheck every pay period, and estimates that approximately $1,660 of compulsory fees have been deducted in total.

22. Trygg currently has $60.86 deducted from his paycheck every pay period, and estimates that approximately $7,100 of compulsory fees have been deducted in total.

23. Section 6(f) of the IPLRA requires that "[w]here a collective bargaining agreement is terminated, or continues in effect beyond its scheduled expiration date pending the negotiation of a successor agreement . . . the employer shall continue to honor and abide by any dues deduction or fair share clause contained therein until a new agreement is reached including dues deduction or a fair share clause." 5 ILCS 315/6(f).

24. Accordingly, Illinois law requires that the Employee Intervenors continue to pay compulsory fees to AFSCME Council 31 and Teamsters Local 916 after the aforementioned contracts expire.

25. On information and belief, compulsory fees are not necessary to maintain order or

---

[2] The document is available at http://www2.illinois.gov/cms/Employees/Personnel/Documents/emp_pt916.PDF (last visited Mar. 16, 2015), and is attached as Exhibit 2.

5

labor peace in the workplace, because, among other reasons, exclusive representation does not depend on the right to collect a fee from non-members.

## II. Union Fee Calculations and Procedures.

26. When a union collects compulsory fees from an employee, it must annually provide the employee with a "*Hudson*" notice that, among other things, explains how the union calculated the fee. *See Chicago Teachers Union v. Hudson*, 475 U.S. 292 (1986). A union calculates a compulsory fee by first defining which types of activities it will deem "chargeable" and "non-chargeable" to nonmember employees, and by then determining what percentage of the union's expenses in a prior fiscal year were chargeable and non-chargeable. The compulsory fee is set at the prior fiscal year's chargeable percentage.

27. The above calculation must be based on an audit of union expenditures. However, auditors do not confirm whether the union has properly classified its expenditures as chargeable or non-chargeable.

28. If a non-member disagrees with a union's classification of expenses as chargeable, the non-member may challenge the classification either through arbitration or in a court of law.

29. The State, by and through Illinois' Department of Central Management Services ("CMS"), directly deducts compulsory fees, in the amount set by a union, from the earnings of State employees and remits those monies to the union. The Unions here act under color of state law by causing, participating in, and accepting the compulsory deduction of fees from monies owed to non-member State employees.

30. On information and belief, rather than sending individual *Hudson* notices to every employee, AFSCME Local 31 posts a "Notice to All Nonmember Fair Share Fee Payors" ("AF-

6

SCME Notice") on union bulletin boards in some workplaces. AFSCME's Notice is attached as Exhibit 3 and is hereby incorporated by reference into this pleading.

31. On information and belief, the attached AFSCME's Notice is the current notice posted by AFSCME Council 31, and is the basis for the compulsory fees it collected in 2014 and through 2015 to date. Also on information and belief, the attached AFSCME Notice accurately describes AFSCME Council 31's compulsory fee, its calculation thereof, and union's policies related to those fees.

**III. The Employee Intervenors Oppose Being Forced to Pay Compulsory Fees to the Unions.**

32. Janus objects to many of the public-policy positions that AFSCME advocates, including the positions that AFSCME advocates for in collective bargaining.

33. For example, he does not agree with what he views as the union's one-sided politicking for only its point of view. Janus also believes that AFSCME's behavior in bargaining does not appreciate the current fiscal crises in Illinois and, does not reflect his best interests or the interests of Illinois citizens.

34. But for Illinois law requiring compulsory fees, Janus would not pay any fees or otherwise subsidize AFSCME.

35. Quigley also objects to many of AFSCME's public-policy positions, including the positions that AFSCME advocates for in collective bargaining.

36. For example, she disagrees with AFSCME's negotiation of contract terms that favor seniority over employee merit for purposes of layoffs and promotions, is concerned about the effect that AFSCME's bargaining behavior is having on the Illinois budget, believes that union representatives are only looking out for themselves at the expense of union members and the people of Illinois, and does not believe that AFSCME is acting in her best interest or in the best

interests of Illinois citizens.

37. But for Illinois law requiring compulsory fees, Quigley would not pay any fees or other subsidize AFSCME.

38. Trygg objects to many of Teamsters Local 916's public-policy positions, including the positions that it advocates for in collective bargaining.

39. Trygg has sincere religious objections to associating with Teamsters Local 916 and its agenda. Trygg also believes that Teamsters Local 916 harms Illinois residents by objecting to efforts by the State to reduce costs that would allow public funds to be made available for more important uses. For example, the Union resists any furlough days, despite the State's budget issues.

40. But for Illinois law requiring compulsory fees, Trygg would not pay any fees or other subsidize Teamsters Local 916.

41. On February 9, 2015, Governor Rauner issued Executive Order 15-13. The Executive Order directs CMS and other State agencies to cease enforcement of compulsory fee agreements and to direct all compulsory fee deductions into escrow account until it is determined if those fees are constitutional.

42. On the same day, Governor Rauner filed the Complaint in this case.

43. Since that time, Attorney General Lisa Madigan has intervened in this case to oppose the Governor's Executive Order.

44. Janus, Quigley and Trygg admit, and incorporate by reference herein, the allegations stated in the following paragraphs of Governor Rauner's Complaint: 2-18, 22, 45-52, 56-57, 69-98. The Movant Employees do not dispute the remaining allegations of Governor Rauner's Complaint.

**CLAIMS FOR RELIEF**

45. The Employee Intervenors re-allege and incorporate by reference the paragraphs set forth above.

46. Compulsory fees infringe on the First Amendment rights of the Employee Intervenors and other employees because compulsory fee requirements compel employees to support speech and petitioning against their will, and to associate with a union against their will.

47. "[C]ompulsory subsidies for private speech are subject to exacting First Amendment scrutiny and cannot be sustained unless two criteria are met. First, there must be a comprehensive regulatory scheme involving a 'mandated association' among those who are required to pay the subsidy." *Knox v. SEIU,* 132 S. Ct. 2277, 2289 (2012) (citation omitted). "Such situations are exceedingly rare because . . . mandatory associations are permissible only when they serve a compelling state interest . . . that cannot be achieved through means significantly less restrictive of associational freedoms." *Id*. (citation omitted).

48. "Second, even in the rare case where a mandatory association can be justified, compulsory fees can be levied only insofar as they are a 'necessary incident' of the 'larger regulatory purpose which justified the required association.'" *Id*. (citation omitted).

49. In *Abood v. Detroit v. Board of Education*, 431 U.S. 209 (1977), the Supreme Court held the seizure of compulsory fees in the public sector to be constitutional because the fees were justified by state interests in labor peace and avoiding free riders. However, the *Abood* court failed to subject these ostensible justifications to aforementioned requisite constitutional scrutiny.

50. In *Harris v. Quinn*, 134 S. Ct. 2618, 2632 (2014), a majority of the Supreme Court questioned *Abood*'s continued validity on several grounds.

9

51. The Movant Employees submit that *Abood* was wrongly decided, should be overturned by the Supreme Court, and that the seizure of compulsory fees is unconstitutional under the First Amendment. Among other things, no compelling or otherwise sufficient state interest justifies compulsory fees.

### COUNT I

(Compulsory Union Fees Violate 42 U.S.C. § 1983 and the United States Constitution)

52. By requiring under color of state law that the Employee Intervenors pay compulsory fees as a condition of their employment, the State, AFSCME Council 31, and Teamsters Local 916 are violating the Employee Intervenors' First Amendment rights to free speech, petitioning, and association, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

53. As a result, the Employee Intervenors are suffering the irreparable harm and injury inherent in a violation of First Amendment rights for which there is no adequate remedy at law. Unless enjoined by this Court, the Employee Intervenors will continue to suffer irreparable harm and injury.

54. The following Illinois laws that authorize compulsory fees are unconstitutional, both on their face and as applied to the Employee Intervenors: 5 ILCS 315/3(g), ILCS 315/6(a) (final sentence only), 5 ILCS 315/6(e), 5 ILCS 315/6(f), 315/10(a)(2) (final sentence only), and 5 ILCS 315/10(b)(1) (reference to "fair share" only).

### COUNT II

(Declaratory Judgment that EO 15-13 is Constitutional)

55. Executive Order 15-13 requires that the State no longer infringe on the First Amendment rights of the Employee Intervenors and similarly situated employees in the manner

10

described in Count I. The Employee Intervenors seek a declaratory judgment that EO 15-13 is constitutional and that the Governor has the lawful authority to enact and implement EO 15-13.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Issue a declaratory judgment against the both State, AFSCME Council 31, and Teamsters Local 916 that:

    1. it is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to seize or require payment of compulsory fees from the Employee Intervenors and other public employees;

    2. the following statutory provisions are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and null, and void: ILCS 315/3(g), ILCS 315/6(a) (final sentence only), 5 ILCS 315/6(e), 5 ILCS 315/6(f), 315/10(a)(2) (final sentence only), and 5 ILCS 315/10(b)(1) (reference to "fair share" only).

    3. The sections of AFSCME Council 31 and Teamsters Local 916's contracts with the State that require the seizure of compulsory fees are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and are null and void.

B. Issue preliminary and permanent injunctions against the State, AFSCME Council 31, and Teamsters Local 916 that prohibit the parties from seizing compulsory

11

      fees from the Employee Intervenors or otherwise requiring that they pay compulsory fees to a union as a condition of their employment.

C.    Award Employee Intervenors Mark Janus, Marie Quigley nominal and compensatory damages from AFSCME Council 31, and award Employee Intervenor Brian Trygg nominal and compensatory damages from Teamsters Local 916, for all compulsory fees seized from them under color of state law from the beginning of the applicable statute of limitations to the date of the said award.

D.    Pursuant to 42 U.S.C. § 1988, award Plaintiffs their costs, including reasonable attorneys' fees incurred in the litigation of this case.

E.    Order any other legal or equitable relief deemed just and proper.

Respectfully submitted,

MARK JANUS, MARIE QUIGLEY
and BRIAN TRYGG


By:     /s/ Joseph J. Torres_____
      One of Their Attorneys

      Dan K. Webb
      Lawrence R. Desideri
      Joseph J. Torres
      Brook R. Long
      WINSTON & STRAWN LLP
      35 West Wacker Dr.
      Chicago, IL 60601
      312.558.7334
      312.558.5700 (fax)
      dwebb@winston.com
      ldesideri@winston.com
      jtorres@winston.com
      blong@winston.com

      William L. Messenger*

Aaron B. Solem*
c/o National Right to Work Legal Defense Foundation
8001 Braddock Rd., Suite 600
Springfield, VA 22160
703.321.8510
703.321.9319 (fax)
wlm@nrtw.org
abs@nrtw.org

Jacob H. Huebert
Jeffrey M. Schwab
Liberty Justice Center
190 S. LaSalle St, Suite 1500
Chicago, IL 60603
312.263.7668
312.263.7702 (fax)
jhuebert@libertyjusticecenter.org
jschwab@libertyjusticecenter.org

** *Pro Hac Vice Motions to Be Filed*