# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRUCE RAUNER, Governor of the State of Illinois, ) ) Plaintiff, ) ) v. ) ) AMERICAN FEDERATION OF STATE, COUNTY, ) AND MUNICIPAL EMPLOYEES COUNCIL 31, ) AFL-CIO, et al., ) ) Defendants. ) | Case No. 1:15-cv-01235 Hon. Judge Robert W. Gettleman |

## GOVERNOR RAUNER'S MOTION FOR AN ORDER CONFIRMING PLAINTIFFS' AMENDED COMPLAINT

Governor Bruce Rauner moves this Court for an order confirming the Plaintiffs' amendments to their complaint as a matter of right under Fed. R. Civ. P. 15(a)(1). The Governor has amended his complaint to add three, non-union public employees as Plaintiffs. These three Plaintiffs have also sought a motion to intervene in this lawsuit. Under Rule 15(a)(1), the Governor can amend his complaint as-of-right to add parties. Under Seventh Circuit precedent, adding parties as-of-right requires an order from the Court. The Governor seeks such an order in this motion, which the Court should issue under Fed. R. Civ. P. 15(a), 20(a), and 21.

The non-union, public employees also have a pending motion to intervene. That motion remains pending until the Court resolves this motion by granting the requested order.

### FACTUAL BACKGROUND

The Governor's motion seeks an order amending the Plaintiffs' Complaint as a matter of right under Fed. R. Civ. P. 15(a)(1), 20(a), and 21. On February 9, 2015, Governor Rauner promulgated Executive Order 15-13. [Ex. 1, Executive Order 15-13.] The Order prohibits State agencies from enforcing "fair share" contract provisions in collective bargaining agreements.

The Illinois Public Labor Relations Act ("IPLRA") defines a fair share fee as an amount paid to a union by non-union, public employees that is the "proportionate share of the costs of the collective bargaining process, contract administration and pursuing matters affecting wages, hours, and conditions of employment." 5 ILCS 315/6.

The Governor's Executive Order recognizes that the fair share fees are authorized under current Illinois Statutory law and contained in the State's collective-bargaining agreements with Defendants. [Ex. 1 at 2-3.] The Governor issued the Order because these fair share fees violate the First Amendment of the Unites States Constitution and "the Supremacy Clause prohibits the Governor of the State of Illinois from enforcing state law and contractual agreements that violate the First Amendment." *Id*. Plaintiffs Mark Janus, Marie Quigley, and Brian Trygg are three non-union, public employees whose First Amendment rights are being directly impinged upon by their compulsory payment of fair-share fees. [D.I. 96 ¶¶ 12-13.]

On February 9, 2015, the Governor instituted this declaratory judgment action to determine the constitutionality of the fair-share provisions after the recent Supreme Court precedent in *Harris v. Quinn*, __ U.S. __, 134 S. Ct. 2618 (2014). [D.I. 1.] On March 23, 2015, the three non-union, public employee Plaintiffs moved to intervene in this lawsuit to protect their personal constitutional rights. [D.I. 92, at 4-5.]

The Plaintiffs, Governor Rauner and the non-union, public employees, share common claims for relief and the only issue in this case – the constitutionality of the fair share provisions – is common to all the plaintiffs. All Plaintiffs believe that fair share fees are unconstitutional under the First Amendment and the Supreme Court's recent statements in *Harris v. Quinn*. All Plaintiffs seek resolution as to the constitutionality of the Governor's Executive Order 15-13. All Plaintiffs seek to have fair share fees properly remitted to the non-union, public employees. And

2

all Plaintiffs seek a determination that the unions' use of the fair share fees is unconstitutional, even putting aside *Abood's* continued applicability.

## ARGUMENT

### I. FED. R. CIV. P. 15(A)(1), IN CONJUNCTION WITH FED. R. CIV. P. 20(A) AND 21, ALLOWS A PARTY TO AMEND ITS PLEADING ONCE AS A MATTER OF COURSE

The Governor moves the Court for an order amending Plaintiffs' Complaint as a matter of right under Fed. R. Civ. P. 15(a)(1). The Amended Complaint streamlines the issues involved in this litigation, will bring all claims involving fair share fees before the Court, and will expedite the determination of those issues.

"A party may amend its pleading once as a matter of course within … 21 days of service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). "[T]he liberal approach mandated by [Rule 15's] standard ('freely given when justice so requires') reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. PaineWebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989) (citation omitted); *see also Stanard v. Nygren*, 658 F.3d 792, 800-801 (7th Cir. 2011) ("It is true that the pleading rules favor decisions on the merits rather than technicalities, *see Foman,* 371 U.S. at 182, 83 S. Ct. 227, and also that leave to amend pleadings should be freely given, FED. R. CIV. P. 15(a)(2) ('The court should freely give leave [to amend] when justice so requires.')"). Liberal amendment of pleadings is allowed, particularly when faced with challenges to jurisdiction. *See Northlake Cmty. Hosp. v. U.S.*, 654 F.2d 1234, 1240 (7th Cir. 1981).

Persons may join an action as plaintiffs if: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1); *see also Eclipse Mfg. Co. v. M &*

3

*M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007) ("The standard for permissive joinder under Rule 20 is liberal; it requires only that [plaintiffs] have (1) a right to relief arising from a single occurrence or series of occurrences and (2) a single common question of law or fact.") (internal citations omitted). "When the requirements of Rule 20(a) are satisfied and joinder will not result in undue prejudice to a party, discretion is exercised in favor of joinder." *In re Monon Tel. Co. v. Bristol*, 218 F.R.D. 614, 616 (N.D. Ind. 2003) (citing *Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1011 (7th Cir. 1988)). "Federal policy favors joinder, and the district court has wide discretion when deciding whether joinder of parties is proper." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 519 (N.D. Ind. 2012). "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *see also First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) (noting that in many courts requirements for joinder are liberally construed).

An amendment to a complaint which adds parties to the action requires an order of the court in light of Rule 21, even when that amendment is as a matter of right under Fed. R. Civ. P. 15(a)(1). *See Ed Miniat, Inc. v. Globe Life Ins. Grp., Inc.*, 805 F.2d 732, 736-737 (7th Cir. 1986) (holding that while Federal Rule of Civil Procedure 15(a) allows parties to freely amend a complaint, Federal Rule of Civil Procedure 21 requires a court order to add or drop parties); *see also Streeter v. Sheriff of Cook Cnty.*, 256 F.R.D. 609, 613 n.1 (N.D. Ill. 2009). Under Fed. R. Civ. P. 21, a "court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

Although an order is required under Rule 21, courts freely grant the addition of parties through amendments as-of-right in light of Rule 15(a). "In other words, the liberal standards

upon which amendments are to be granted when leave of court is required under Rule 15(a) should also guide the trial judge in resolving motions to add parties under Rule 21." *Rollins Burdick Hunter of Wis., Inc. v. Lemberger*, 105 F.R.D. 631, 637 (E.D. Wis. 1985) ("Indeed, it has been specifically held that any possible conflicts between the interpretations of Rule 21 and Rule 15(a) arise only when an amending party acts without leave of court under Rule 15(a); otherwise the basic, substantive standard for adding or dropping parties applies to the resolution of a motion whether styled under either rule."); *see also N. E. Mining Co. v. Dorothy Coal Sales, Inc.*, 108 F.R.D. 657, 659 (S.D. Ind. 1985) ("Thus, there is authority that the liberal standards upon which amendments are to be granted when leave of court is required pursuant to Rule 15(a) should also guide the trial judge in resolving motions to add parties under Rule 21."); *Streeter*, 256 F.R.D. at 613 n.1 ("Although the amended complaint was filed as a matter of right under Rule 15(a)(1), it does appear that Plaintiffs were required to obtain leave from the Court to add Jackson as a party. . . . This is a correctable defect, however, and does not require dismissal.") (internal citation to *Ed Miniat* omitted).

## II. ENTERING AN ORDER FOR AN AMENDED COMPLAINT IS IN THE INTEREST OF AN EQUITABLE AND EXPEDITED DISPOSITION OF THIS LITIGATION

*First*, Plaintiffs are entitled to an amendment as a matter of course under Fed. R. Civ. P. 15(a). Under Fed. R. Civ. P. 15(a)(1)(B), plaintiffs can amend their complaint as-of-right if filed within 21 days of a Rule 12 motion. *See Dema v. Feddor*, 470 F. Supp. 152, 154 (N.D. Ill. 1979). Governor Rauner had "21 days after service of a motion under Rule 12(b), (e), or (f)" to file an amended complaint as a matter of course. Governor Rauner filed this lawsuit on February 9, 2015. [D.I. 1.] Defendants filed their first Motion to Dismiss on March 5, 2015. [D.I. 40.] Governor Rauner has until March 26, 2015 to file an amended complaint. This Amended Complaint was filed on March 26, 2015.

The purpose of the 2009 amendment to Rule 15(a) was to force the pleader to consider his arguments, decide the number of issues in the case, and to orderly dispose of state court actions. Fed. R. Civ. P. 15, 2009 Committee Notes ("A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim."). Here, Plaintiffs have considered their arguments and respective relief and created an amended complaint that clearly sets out the bases for their complaints and their relief sought.

*Second*, Plaintiffs meet the requirements for permissive joinder under Fed. R. Civ. P. 20(a). Persons may join as plaintiffs if they demonstrate that (1) they assert a right to relief that arises out of the same transaction, occurrence, or series of occurrences as the original plaintiff, and (2) there is *any* question of law or fact common to all plaintiffs. Fed. R. Civ. P. 20(a); *see In re Monon*, 218 F.R.D. at 615-616. Both the Governor and the non-union, public employee Plaintiffs seek a declaratory judgment of the legality of Executive Order 15-13. [D.I. 96, ¶¶ 130-138, 156.] And to the extent that the Plaintiffs' claims differ, each claim still seeks the same relief: a declaration of the unconstitutionality of the fair-share provisions under Illinois law. This right to relief for all Plaintiffs arises from the Governor's promulgation of Executive Order 15-13 declaring that fair-share fees are unconstitutional.

The central issue of constitutional interpretation in this case is common to all Plaintiffs – whether fair share fees are an unconstitutional compelled political speech in violation of the First Amendment. [*Id*., ¶¶ 4-6, and 12.] The legality of Illinois Statute 5 ILCS 315/6(e) authorizing fair share provisions in union collective bargaining agreements is common to all Plaintiffs. Lastly, the activities for which the unions use fair share fees is a question of fact common to all Plaintiffs. "The transaction or occurrence test in [Rule 20] is designed to permit all reasonably

6

related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is not necessary, and the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Advamtel, LLC v. AT&T Corp.*, 105 F. Supp. 2d 507, 514 (E.D. Va. 2000) (internal citation omitted). Non-union, public employee Plaintiffs clearly meet the bar under Fed. R. Civ. P. 20(a) for joinder.

***Third***, the Amended Complaint sets out the factual allegations and legal contentions of the Plaintiffs, aiding the Court in its jurisdiction determination and future disposition of the case. Federal courts favor joinder so that all parties' claims arising out of the same set of facts and involving the same issues of law can be consolidated for efficiency and judicial economy. Fed. R. Civ. P. 15, 2009 Committee Notes ("A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim."). There need not be two parallel actions in this Court seeking to resolve the same central issues. By ordering the amended complaint and joining the non-union, public employees as plaintiffs, the Court allows all of the legal and factual disputes to be litigated simultaneously.

For these reasons, the Governor asks the Court to enter an order for an amended complaint.

Dated: March 26, 2015                                                                 Respectfully submitted,

                                                                                                        BRUCE RAUNER


                                                                                                        By: /s Matthew R. Ford
                                                                                                              One of His Attorneys

Philip S. Beck
Matthew R. Ford
Rebecca T. Horwitz
Special Assistant Attorneys General
Bartlit Beck Herman Palenchar & Scott LLP
54 W. Hubbard Street
Suite 300
Chicago, IL 60654
312.494.4400
philip.beck@bartlit-beck.com
matthew.ford@bartlit-beck.com
rebecca.horwitz@bartlit-beck.com

Dennis Murashko
Special Assistant Attorney General
Deputy Counsel
Office of Governor Bruce Rauner
100 W. Randolph Street – Suite 16-100
Chicago, IL 60601
312.814.4185
dennis.murashko@illinois.gov

# CERTIFICATE OF SERVICE

I, Matthew R. Ford, an attorney, hereby certify that on March 26, 2015, I caused the foregoing MOTION FOR AN ORDER CONFIRMING PLAINTIFFS' COMPLAINT AS OF RIGHT to be filed electronically with the Court via CM/ECF. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: /s Matthew R. Ford