IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE RAUNER, Governor of the State of Illinois, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN FEDERATION OF STATE, COUNTY, ) <br> AND MUNICIPAL EMPLOYEES COUNCIL 31, ) <br> AFL-CIO, et al., ) <br> ) <br> Defendants. ) | Case No. 1:15-cv-01235 <br><br> Hon. Judge Robert W. Gettleman |

## GOVERNOR RAUNER'S MOTION SUGGESTING MOOTNESS

By operation of law, the filing of an amended complaint renders a prior complaint void and moots any motion to dismiss the prior complaint. In an abundance of caution, however, Governor Rauner moves this Court to dismiss as moot the Defendants' motions to dismiss.

Currently pending before the Court are the Plaintiff's Motion for an Order Confirming Plaintiffs' Amended Complaint and Plaintiffs' Amended Complaint as-of-right under Fed. R. Civ. P. 15(a)(1), 20(a), and 21. [D.I. 96 & 97.] Defendants' had filed two motions to dismiss Plaintiffs' Complaint. Governor Rauner respectfully suggests that the filing and delivery of the First Amended Complaint moots the Defendants' pending motions to dismiss, which should be denied without prejudice to any arguments the Defendants may raise with respect to Plaintiffs' First Amended Complaint.

The filing of an amended complaint renders all earlier filed complaints void. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling."); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint

supersedes an original complaint and renders the original complaint void."); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000) ("when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward"). Courts routinely dismiss as moot motions to dismiss that have been superseded by an amended complaint. *See, e.g.*, *GMP Techs., LLC v. Zicam, LLC*, No. 08 C 7077, 2009 WL 5064762, at *1 n.1 (N.D. Ill. 2009); *Laborers' Pension Fund v. Leopardo Constr., Inc.*, 139 F.R.D. 634, 636-637 (N.D. Ill. 1991).

Dismissal here is required in light of the First Amended Complaint. The First Amended Complaint adds three non-union, public employee plaintiffs, asserts common causes of law and fact between all plaintiffs, and addresses many of the jurisdictional concerns identified by the Defendants in their motions to dismiss. Under operation of law, those motions are moot. In an abundance of caution, Governor Rauner requests that the Defendants' motions to dismiss predicated on the original Complaint are dismissed as moot.

Dated: March 26, 2015

Respectfully submitted,

BRUCE RAUNER

By: /s Matthew R. Ford
    One of His Attorneys

Philip S. Beck
Matthew R. Ford
Rebecca T. Horwitz
Special Assistant Attorneys General
Bartlit Beck Herman Palenchar & Scott LLP
54 W. Hubbard Street
Suite 300
Chicago, IL 60654
312.494.4400
philip.beck@bartlit-beck.com
matthew.ford@bartlit-beck.com
rebecca.horwitz@bartlit-beck.com

Dennis Murashko
Special Assistant Attorney General
Deputy Counsel
Office of Governor Bruce Rauner
100 W. Randolph Street – Suite 16-100
Chicago, IL 60601
312.814.4185
dennis.murashko@illinois.gov

## CERTIFICATE OF SERVICE

I, Matthew R. Ford, an attorney, hereby certify that on March 26, 2015, I caused the foregoing MOTION SUGGESTING MOOTNESS to be filed electronically with the Court via CM/ECF. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: /s Matthew R. Ford