IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE RAUNER, Governor of the State of Illinois, | ) ) ) | |
| Plaintiff, | ) ) | No. 15 C 1235 |
| v. | ) ) | Judge Robert W. Gettleman |
| AMERICAN FEDERATION OF STATE, COUNTY, and MUNICIPAL EMPLOYEES, COUNCIL 31, AFL-CIO, et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bruce Rauner, Governor of the State of Illinois (the "Governor"), has sued defendant American Federation of State, County, and Municipal Employees, Council 31, AFL-CIO, along with 24 other labor organizations representing state employees (the "Unions"), seeking a declaration that the "fair share contract provisions" under the Illinois Public Labor Relations Act ("IPLRA"), 5 ILCS 315/6(e), are unconstitutional, and that his Executive Order 15-13, which directed the Illinois Department of Central Management Services ("CMS") not to comply with the statute and any collective bargaining agreement provisions authorized by the statute, is enforceable. The defendant Unions and Lisa Madigan, Attorney General of the State of Illinois who intervened as a defendant, have each moved to dismiss for lack of subject matter jurisdiction and standing, and for failure to state a claim. While those motions were being briefed, three non-Union member public employees, Mark Janus, Marie Quigley and Brian Trygg (the "Employees"), sought to intervene as plaintiffs. Shortly thereafter, the Governor filed a first amended complaint adding the proposed Employee interveners as plaintiffs. The Governor also filed a motion to confirm the first amended complaint and a motion to dismiss as

moot the defendant Unions' and Madigan's motions to dismiss the original complaint. Concerned about whether the court had subject matter jurisdiction, it ordered supplemental briefing on that issue. Those briefs have been filed and, for the reasons described below, the court grants the Employees' motion to file a complaint in intervention, dismisses the original complaint and the first amended complaint for lack of subject matter jurisdiction and standing, and the case will proceed with the Employees' proposed intervening complaint as the operative complaint.

## BACKGROUND

The IPLRA provides that a labor organization chosen by the majority of public employees in a bargaining unit, "is the exclusive representative for the employees of such unit for the purposes of collective bargaining with respect to rates of pay, wages, hours and other conditions of employment." 5 ILCS 315/6(c). Public employees are not required to join the labor organization, § 315/6(a), but the labor organization is "responsible for representing the interests of all public employees in the unit." 5 ILCS 315/6(d). To help cover the cost of that representation, the organization "may include in its collective bargaining agreement a provision requiring employees covered by the agreement who are not members of the organization to pay their proportionate share of the costs of the collective bargaining process, contract administration and pursuing matters affecting wages, hours and conditions of employment . . .." (The "fair share provisions"). 5 ILCS 315/6(e). The IPLRA requires state agencies to honor such fair share provisions by deducting the proportionate amount from the non-member employees' earnings and paying it to the labor organization. Id. The Act further provides that it and the provisions of any collective bargaining agreement negotiated under the Act prevail and control

over any other law or executive order. 315 ILCS/15(a). The defendant Unions in the instant case have all entered collective bargaining agreements with CMS. Each of those agreements has a fair share provision.

## **DISCUSSION**

In his initial complaint, the Governor sought a declaration that the section of the IPLRA that provides for fair share provisions violates the First Amendment. The Governor asserted that the court had subject matter jurisdiction under 28 U.S.C. § 1331, claiming that the case "arises under the United States Constitution." Both Madigan and the Unions moved to dismiss, arguing that the case does not arise under federal law and that the Governor lacks standing to bring the claims.

Perhaps recognizing his tenuous position regarding subject matter jurisdiction, rather than respond to the motions the Governor began a series of procedural maneuvers obviously designed to establish jurisdiction. First, the Employees (undoubtedly with the Governor's blessing), who can unquestionably assert subject matter jurisdiction and have standing to bring their attack on the constitutionality of the fair share provisions, moved to intervene. Three days later the Governor filed his first amended complaint adding those same Employees as plaintiffs. Recognizing, however, that he must have leave of court to add party plaintiffs under Fed. R. Civ. P. 21, he also moved for an order confirming the amended complaint and, assuming he was to receive that order, he seeks to dismiss Madigan's and the Unions' motions to dismiss the original complaint as moot because subject matter jurisdiction over the amended complaint is based on the Employees' claims. Whether the Governor's maneuvering is necessary, and if so, successful,

depends in the first instance on whether the court has subject matter jurisdiction over the case based on the initial complaint. As discussed below, it does not.

The initial complaint was brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, which allows a party who expects to be sued "to determine his rights and liabilities without waiting for his adversary, the presumptive plaintiff, to bring suit." DeBartolo v. Healthsouth Corp., 569 F.3d 736, 741 (7th Cir. 2009). The Act is not an independent grant of federal subject matter jurisdiction, however, "so jurisdiction depends on the nature of the anticipated claims." Id. "Thus, although the presence or absence of a federal question normally turns on an examination of the face of the plaintiff's complaint, in an action for declaratory judgment the positions of the parties are reversed: the declaratory-judgment plaintiff would have been the defendant in the anticipated suit whose character determines the district court's jurisdiction." Id. (citations omitted).

In the instant case, the only federal issue identified in the Governor's initial complaint is whether the fair share provisions violate the First Amendment. That issue would arise only as a defense to an anticipated suit by the Unions against CMS: (1) to enforce the fair share provisions should CMS comply with Executive Order 15-13; and (2) to set aside the Executive Order as inconsistent with the IPLRA. The issues raised in that hypothetical suit are all based on state law (breach of contract and state statute). Thus, the court would not have subject matter jurisdiction over the case, because the existence of a federal defense "is inadequate to confer jurisdiction," Merrell-Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986), even if the constitutional defense is the only real issue in the case. Caterpillar Inc. v. Williams, 483 U.S.

386, 393 (1987). Consequently, the court concludes that it lacks subject matter jurisdiction over the initial complaint.

The Governor also lacks standing to challenge the constitutionality of the fair share provisions of the IPLRA. It is the Governor's burden to establish standing, by showing that he has suffered an injury in fact that is fairly traceable to the actions of the defendants and is redressable by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). To establish an injury in fact, the Governor must suffer an invasion of a legally protectable interest that is concrete and particularized such that it affects him in a personal and individual way. Id. at 560 n.1. To challenge the fair share provision, he must show that "he has sustained or is in danger of sustaining some direct injury as a result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." Id. at 574 (internal citations and quotations omitted). Thus, state officials generally lack standing to challenge the constitutionality of state law in federal court where their interests are official as opposed to where their interest's are personally adversely affected. See Finch v. Miss. State Med. Ass'n, Inc., 585 F.2d 765, 769 (5th Cir. 1978) (Governor lacked standing to challenge constitutionality of state statute on ground that he believed it violated the Fourteenth Amendment because "[h]e has no personal stake in the outcome of the case; he will not be affected favorably by a decision that the statute is unconstitutional nor adversely by a decision that it is valid.").

In the instant case, the Governor has no personal interest at stake. He is not subject to the fair share fees requirement. Instead, he essentially claims to have a duty to protect the First Amendment rights of all public employees in the state. These are obviously official rather than

5

personal interests, and indeed he has brought the suit in his official capacity. In effect, he seeks to represent the non-member employees subject to the fair share provisions of the collective bargaining agreements. He has no standing to do so. They must do it on their own.

The Governor argues, however, that it is his first amended complaint that governs the court's jurisdictional inquiry. Fed. R. Civ. P. 15(a)(1)(B) provides that a party may amend his pleading once as a matter or course within 21 days after service of a responsive pleading or 21 days after serve of a motion under Rule 12(b), (e) or (f), whichever is earlier. "Amendments as of right under Rule 15(a) operate 'as a matter of course' and do not require a judicial imprimatur. Connectu LLC v. Zuckerberg , 522 F.3d 82, 95 (1st Cir. 2008). When a plaintiff amends the complaint as of right the rules apply mechanically and the court's authority over the case is not brought to bear. Id. at 96. The amended complaint replaces "the original complaint lock, stock and barrel." Id. at 91. "Thus, when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell Intern. Corp. v. U.S., 549 U.S. 457, 473-74 (2007).

The Governor's first amended complaint was timely filed as of right within 21 days of the Unions' first motion to dismiss. Because they are being assessed the fair share fees, the Employees obviously have standing to challenge the constitutionality of the fair share provision in the IPLRA. Thus, the court would have subject matter jurisdiction over their claims if they are properly before the court. The Governor argues that the court should then exercise supplemental jurisdiction over his claims under 28 U.S.C. § 1367(a).

There is a fallacy in the Governor's argument, and it is a big one. Although he has an absolute right to file an amended complaint without court order, he concedes that under Rule 21

6

and controlling Seventh Circuit precedent, he needs leave of court to add the Employees as plaintiffs. "Although Federal Rule of Civil Procedure 15(a) permits a party to freely amend its complaint in a timely fashion, Federal Rule 21 requires a court order to add or drop parties." Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 736 (7th Cir. 1986): see also Velyov v. Frontier Airlines, 2014 WL 1379920, at *1 (E.D. Wis. April 7, 2014)(despite amending within 21 days of service "leave of Court is required to add a new Defendant."); Williams v. U.S. Postal Service, 873 F.2d 1069, 1072-73 n.2 (7th Cir. 1989)(a plaintiff cannot add new parties through a complaint amended as a matter of course.).

The Governor correctly argues that leave to add or drop parties under Rule 21 should be freely granted, and that even in Ed Miniat the court stated that failure to obtain leave of court prior to filing the amended complaint adding plaintiffs was a correctable error. Ed Miniat, 805 F.2d at 736. But the Ed Miniat court had already determined that the original plaintiffs had standing to assert their claims and the district court had subject matter jurisdiction. Thus, there was no jurisdictional impediment to correcting the procedural error.

In the instant case, however, the court has determined that the original plaintiff, the Governor, lacks standing and the court lacks subject matter jurisdiction over the case. Thus, it has no power to enter an order allowing the addition of the employees as plaintiffs. And, even if the court could allow the Employees to join as additional plaintiffs, it cannot assert supplemental jurisdiction over the Governor's claims, having already determined that he lacked standing to bring them.

That leaves only the Employees' motion to intervene and file their proposed intervening complaint as a potential savior to the action. Obviously, the court cannot allow the Employees to

intervene in the Governor's original action because there is no federal jurisdiction over his claims. As a general rule, a party cannot intervene if there is no jurisdiction over the original action. "An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit." Hofheimer v. McIntee, 179 F.2d 789, 792 (7th Cir. 1950). As the Second Circuit recently stated in Disability Advocates, Inc. v. NY Coalition for Quality Assisted Living, Inc., 675 F.3d 149, 160 (2d Cir. 2012)(internal quotations and citations omitted):

> The logic that underlies this rule is clear enough. Intervention is a procedural means for entering an existing federal action. The Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82. That is, Rule 24 does not itself provide a basis for jurisdiction. Accordingly, since intervention contemplates an existing suit and a court of competent jurisdiction and because intervention is ancillary to the main cause of action, intervention will not be permitted to breathe life into a "nonexistent lawsuit."

Thus, the Employees' intervention cannot "cure" the problem with the original complaint. Nonetheless, as the Unions acknowledge, some courts have recognized that "where the intervening party brings separate claims, and the district court has an independent basis to exercise jurisdiction over those claims," the district court may "dismiss the original claims in the action for lack of subject matter jurisdiction while retaining jurisdiction over the intervener's claims only." Village of Oakwood v. St. Bank and Trust Co., 481 F.3d 364, 367 (6th Cir. 2007). "A court has discretion to treat pleadings of an intervener as a separate action to adjudicate claims raised by the intervener." Miller & Miller Auctioneers, Inc. v. G.W. Murphy Indus., Inc., 472 F.2d 893, 895 (10th Cir. 1973). The court has this discretion even if there is no subject matter jurisdiction over the original action. See Fuller v. Volk, 351 F.2d 323, 328-29 (3rd Cir. 1965). ("This discretionary procedure is properly utilized in a case in which it appears that the

8

intervener has a separate and independent basis for jurisdiction and in which failure to adjudicate the claim will result only in unnecessary delay. By allowing the suit to continue with respect to the intervening party, the court can avoid the senseless delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are.").

The Employees' proposed complaint in intervention asserts an independent basis for the court's jurisdiction. They undoubtedly have standing to assert their claims because they are required under the IPLRA to pay fair share fees. Therefore, in the interest of judicial economy, the court grants leave for the Employees to file their complaint in intervention and treats it as the operative pleading, while simultaneously dismissing the Governor's original complaint.

## CONCLUSION

For the reasons explained above, the Employees' motion to file their complaint in intervention (Doc. 91) is granted and the complaint will be treated as the operative complaint in this action. The Unions' and Madigan's motions to dismiss the original complaint (Docs. 40, 51) are granted. The Governor's motion to confirm the first amended complaint (Doc. 97) and motion to dismiss defendants' motions to dismiss as moot (Doc. 99) are denied. The first amended complaint (Doc. 102) is dismissed. The Governor's motion to place fair share fees in escrow (Doc. 83) is denied as moot. The remaining defendants are ordered to respond to the new operative complaint on or before June 10, 2015.

**ENTER:** **May 19, 2015**

_____
**Robert W. Gettleman
United States District Judge**