IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK JANUS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 1235 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| AMERICAN FEDERATION OF STATE, | ) | |
| COUNTY AND MUNICIPAL EMPLOYEES, | ) | |
| COUNCIL 31, AFL-CIO, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| LISA MADIGAN, Attorney General of the State of | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Intervenor-Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mark Janus and Brian Trygg brought a second amended complaint against defendants American Federal of State, County and Municipal Employees, Council 31 ("AFSCME"), the General Teamsters/Professional & Technical Employees Local Union 916 ("Local 916"), and Michael Hoffman in his official capacity as Director of the Illinois Department of Central Management Services, alleging that plaintiffs were unconstitutionally being forced to pay compulsory union fees ("fair-share fees") to the defendant Unions as a condition of their employment pursuant to Illinois' Public Labor Relations Act ("IPLRA"), 5 ILCS 315/6. They sought a declaratory judgment against the Director of Central Management Services and the Unions declaring that forcing plaintiffs to pay fair-share fees violates the First Amendment; an injunction prohibiting defendants from collecting such fees in the future; and damages from the Unions for the fees wrongfully collected.

This court granted defendants' motion to dismiss, concluding that the Supreme Court had held that such fees were lawful in Abood v. Detroit Board of Education, 431 U.S. 209 (1977). Plaintiffs had argued that Abood was wrongfully decided but recognized that it was the current law and controlling on this court. The Seventh Circuit affirmed as to Janus, agreeing that the case was controlled by Abood, which only the Supreme Court could overrule. Janus v. AFSCME Council 31, 851 F.3d 746, 747 (7th Cir. 2017). As to plaintiff Trygg, the court affirmed on a separate ground on claim preclusion. Id. at 748. Janus (but not Trygg) sought certiorari, asking the Supreme Court to overrule Abood. In a 5 to 4 decision, the Court did just that, holding that "States and public-sector unions may no longer extract agency fees from nonconsenting employees." Janus v. AFSCME Council 31, __ U.S. __, 138 S.Ct. 2448, 2486 (2018). The Court did not order any specific relief, instead remanding for further proceedings consistent with its opinion. Id. Immediately after that decision was issued, AFCME stopped collecting fair-share fees; and at this time Janus is no longer employed by the State of Illinois.

The parties agree that the lone issue remaining before this court is whether plaintiff Janus can collect damages from AFSCME in the amount of the fair-share fees he had paid prior to the Court's decision. The material facts are not in dispute and the parties have filed cross-motions for summary judgment. For the reasons discussed below, defendant AFSCME's motion [Doc. 175] is granted and plaintiff's motion [Doc. 177] is denied.

## **DISCUSSION**

Defendant AFSCME argues that plaintiff's claim for retrospective damages under 42 U.S.C. § 1983 fails as a matter of law because defendant has a "good-faith" defense for the fees it collected prior to the Supreme Court's decision in the instant case. There can be no doubt that

2

for the 41 years prior to the Court's decision, unions such as defendant were permitted to collect fair-share fees. See Abood, 431 U.S. 209. Based on Abood, Illinois enacted the IPLRA which authorized the collection of such fees. Defendant AFSCME entered into a collective bargaining agreement ("CBA") with the Department of Central Management Services pursuant to this valid statue and collected the fees at issue. In contrast, plaintiff claims that "good-faith" is not a defense to a deprivation of First Amendment rights or to liability under § 1983.

Plaintiffs' § 1983 claims is brought in accord with Lugar v. Admondson Oil Co. Inc., 457 U.S. 922, 932-37 (1982), in which the Supreme Court held that private defendants invoking a state-created attachment statute act under color of law within the meaning of § 1983 if their actions are fairly attributable to the State. To satisfy this requirement, two conditions must be met. First, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Id. at 937. "Second, the private party must have 'acted together with or . . . obtain significant aid from State officials' or engaged in conduct 'otherwise chargeable to the State.'" Wyatt v. Cole, 504 U.S. 158, 162 (1992) (quoting Lugar, 457 U.S. at 937). Lugar specifically left open the question whether private defendants charged with § 1983 liability for invoking a state statute later declared unconstitutional are entitled to qualified immunity. Lugar, 457 U.S. at 942, n. 23.

In Wyatt, the Court answered that question in the negative, holding that qualified immunity "acts to safeguard government, and thereby protects the public at large, not to benefit its agents," rationales that "are not transferable to private parties." Wyatt, 504 U.S. at 168. The Wyatt court specifically noted, however, that the issued before it was very narrow: "whether private persons,

who conspire with state officials to violate constitutional rights, have available the good-faith immunity applicable to public officials." Id. at 168. The Court specifically noted that "[i]n so holding, however, we do not foreclose the possibility that private defendants faced with § 1983 liability under [Lugar] . . . could be entitled to an affirmative defense based on good-faith and/or probable cause or that § 1983 suits against private, rather than governmental, parties could require plaintiffs to carry additional burdens." Id. at 169.

On remand, the Fifth Circuit noted that the five concurring and dissenting justices in Wyatt all indicated "support for a standard that would relieve private parties who reasonably relied on a state's statute of liability." Wyatt v. Cole, 994 F.3d 1113, 1118 (5th Cir. 1993). It thus held that "private defendants sued on the basis of Lugar may be held liable for damages for under § 1983 only if they fail to act in good-faith in invoking the unconstitutional state procedure, that is, if they either knew or should have known that the statute upon which they relied was unconstitutional." Id.

The Fifth Circuit is not alone. Indeed, as Judge Shah of this district noted in a case almost identical to the instant case, although the Seventh Circuit has not yet addressed the issue, "[e]very federal appellate court that has considered the good-faith defense, though, has found that it exists for private parties." Winner v. Rauner, 2016 WL 7374258, *5 (N.D. Ill. Sept. 20, 2016) (citing Pinsky v. Duncan, 79 F.3d 306, 311-12 (2d Cir. 1996); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1275-78 (3d Cir. 1994); Wyatt, 994 F.2d 1118-21; Vector Research, Inc. v. Howard & Howard Attorneys, P.C., 76 F.3d 692, 698-99 (6th Cir. 1996); Clemente v. City of Glendale, 518 F.3d 1090, 1096-97 (9th Cir. 2008)).

Plaintiff argues that even if a good-faith defense applies, it is available only if state of mind could be an element of defense to the alleged deprivation of constitutional rights. And, according to plaintiff, no such state of mind is required to establish that defendant deprived plaintiff of his First Amendment rights.

The court disagrees. As defendants argue, the relevant question for a good-faith defense is not the nature of the particular statute on which the defendant relied, but whether that reliance was in good faith. As the Fifth Circuit held, that depends on whether the defendant knew or should have known that the statute on which the defendant relied was unconstitutional. Wyatt, 994 F.3d at 1118.

In the instant case, the statute on which defendant relied had been considered constitutional for 41 years. It is true, as plaintiff argues, that in Harris v. Quinn, 134 S.Ct. 2618 (2014), the Court found that collection of compulsory fair-share fees from in-home-care personal assistants who were not full-fledged public employees, was unconstitutional, but left for another day whether Abood remained good law. Plaintiffs argue that, as the Janus court stated, "unions have been on notice for years regarding this Court's misgivings about [Abood]," and that "any public-sector union seeking an agency fee provision in a collective-bargaining agreement must have understood that the constitutionality of such a provision was uncertain." Janus, 138 S.Ct. at 2484.

Despite these statements in Janus, prior to the instant case Abood remained the law of the land. And, despite these statements, there was no way for defendant to predict the resolution of this case. Indeed, had the general and/or presidential election resulted differently, the composition of the Supreme Court that decided the case may well have been different, leading to a different result. As Judge Shah noted in Winner, "`even the clarity of hindsight is not

persuasive that the constitutional resolution [. . .] could be predicted with assurance sufficient to undermine [. . .] reliance on [the challenged law].'" Winner, 2016 WL 7374258 at *5 (quoting Lemon v. Kurtzman, 411 U.S. 192, 207 (1973)). Defendants' action were in accord with a constitutionally valid state statute. Nothing presented by plaintiff prevents application of that defense to defendant AFSCME. Defendant AFSCME followed the law and could not reasonably anticipate that the law would change. Consequently, the court concludes that the good faith defense applies, and plaintiff is not entitled to any damages. See Danielson v. AFSCME Council 28, 340 F.Supp.3d 1083, 1087 (W.D. Wash. 2018); Cook v. Brown, 2019 WL 982384 (D. Or. Feb 28, 2019); Carey v. Inslee, 2019 WL 1115259 (W.D. Wash. Mar. 11, 2019).

## CONCLUSION

For the reasons described above, defendant's motion for summary judgment [Doc. 175] is granted. Plaintiff's motion for summary judgment [Doc. 177] is denied.


**ENTER:** **March 18, 2019**

_____
**Robert W. Gettleman**
**United States District Judge**