UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK JANUS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN FEDERATION OF STATE, ) <br> COUNTY AND MUNICIPAL EMPLOYEES, ) <br> COUNCIL 31, AFL-CIO, *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> LISA MADIGAN, Attorney General of the ) <br> State of Illinois, ) <br> ) <br> Intervenor-Defendant. ) <br> ) | No. 1:15-cv-01235 <br> Hon. Robert W. Gettleman <br><br><br><br><br><br><br><br><br> *Filed Electronically* |

**JOINT MOTION OF PLAINTIFF MARK JANUS AND DEFENDANT AFSCME COUNCIL 31 TO STAY REMAINING DEADLINES IN LOCAL RULE 54-3 AND ALLOW THE PARTIES TO BRIEF WHETHER PLAINTIFF IS A "PREVAILING PARTY"**

Plaintiff Mark Janus ("Plaintiff") and Defendant AFSCME Council 31 ("Defendant") respectfully request that the remaining deadlines in Local Rule 54-3, including the deadline in Local Rule 54-3(b) that a fee motion must be filed no later than 91 days after entry of judgment, be stayed to allow the parties to brief whether Plaintiff is a "prevailing party" in this action.

On April 8, 2019, Plaintiff served on Defendant the materials set forth in Local Rule 54-3(1-3). On April 29, 2019, Defendant served on Plaintiff the materials set forth in Local Rule 54-3(5). In the meantime, the parties have attempted in good faith to settle Mr. Janus' claim for attorneys' fees. Through those discussions, it has become clear that the parties have a fundamental disagreement about whether Plaintiff is a "prevailing party" that has any entitlement

to attorneys' fees pursuant to 42 U.S.C. § 1988(b), which has made it impossible for the parties to settle this matter.

In light of this fundamental disagreement, the parties respectfully request that the Court stay the remaining deadlines in Local Rule 54-3 to allow the parties to brief whether Plaintiff is a "prevailing party" in this action. The parties submit that this is the most efficient way for the parties and the Court to proceed. If Plaintiff is not a "prevailing party," that will be the end of this matter. If Plaintiff is a "prevailing party," the parties will likely be able to settle the attorney fee issue or substantially narrow any issues that the Court would need to decide.

If the Court agrees to stay the remaining deadlines in Local Rule 54-3 and permit the parties to brief the question of whether Plaintiff is a "prevailing party" entitled to attorneys' fees, the parties respectfully request that Plaintiff's opening brief be due 21 days after this joint motion is granted, Defendant's responding brief be due 21 days after that, and Plaintiff's reply brief be due 14 days after that.

Respectfully submitted,

/s/ William Messenger

William Messenger
Aaron Solem
c/o National Right to Work Legal
Defense Foundation
8001 Braddock Rd., Suite 600
Springfield, VA 22160
(703) 321-8510
wlm@nrtw.org
abs@nrtw.org

Joseph J. Torres
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 840-8685
jtorres@jenner.com

/s/ John M. West

John M. West
Jacob Karabell
Bredhoff & Kaiser PLLC
805 15th Street NW, Suite 1000
Washington, DC 20005
(202) 842-2600
jwest@bredhoff.com
jkarabell@bredhoff.com

Melissa J. Auerbach
Stephen A. Yokich
Dowd, Bloch, Bennett, Cervone,
Auerbach & Yokich
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361
mauerbach@laboradvocates.com

syokich@laboradvocates.com
*Counsel for Defendant AFSCME Council 31*

Jeffrey Schwab
Liberty Justice Center
190 S. LaSalle St., Suite 1500
Chicago, IL 60603
(312) 263-7668
jschwab@libertyjusticecenter.org

*Counsel for Plaintiff Mark Janus*

## CERTIFICATE OF SERVICE

I, John M. West, an attorney, hereby certify that on May 17, 2019, I caused the foregoing **Notice of Motion** and **Joint Motion of Plaintiff Mark Janus and Defendant AFSCME Council 31 to Stay Remaining Deadlines in Local Rule 54-3 and Allow the Parties to Brief Whether Plaintiff is a "Prevailing Party"** to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

I further certify that as of May 17. 2019, there are no nonregistered participants upon whom service by U.S. Mail is required.

s/ John M. West
John M. West
