UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK JANUS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN FEDERATION OF STATE, )<br>COUNTY AND MUNICIPAL EMPLOYEES, )<br>COUNCIL 31, AFL-CIO, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | No. 1:15-cv-01235<br>Hon. Robert W. Gettleman |

**JOINT MOTION OF PLAINTIFF MARK JANUS AND DEFENDANT AFSCME COUNCIL 31 TO CONTINUE STAY OF RULE 54-3 DEADLINES**

Plaintiff Mark Janus and Defendant AFSCME Council 31 respectfully move the Court to continue for another 45 days the stay of Local Rule 54-3 deadlines entered by this Court's order of May 28, 2019. In support of their motion, the parties state as follows.

1. On March 18, 2019, this Court, on remand from a decision of the Supreme Court reversing this Court's earlier dismissal of the case, entered its final judgment in this matter, granting summary judgment to Defendant AFSCME Council 31. Dkt. #191.

2. On April 8, 2019, Plaintiff, seeking attorney's fees based on his favorable decision in the Supreme Court, served on Defendant the materials set forth in Local Rule 54-3(1-3). On April 29, 2019, Defendant served on Plaintiff the materials set forth in Local Rule 54-3(5). At the same time the parties also engaged in discussions about possible settlement of Plaintiff's claim for attorney's fees. In the course of these discussions it became clear that the parties fundamentally disagreed about whether Plaintiff was the "prevailing party" within the meaning of the applicable attorney's fee statute, 42 U.S.C. § 1988(b).

1

3. In the belief that resolution of this issue would facilitate settlement, the parties jointly moved the Court for an order staying all remaining deadlines under Rule 54-3, in order to permit the parties first to brief and argue the "prevailing party" issue. Dkt. #198. Granting that motion in part, the Court ordered instead, in light of the pending appeal of its summary judgment decision, that all Rule 54-3 deadlines remain stayed "until the appeal in this case is fully adjudicated." Dkt. #200.

4. On November 5, 2019, the Seventh Circuit affirmed this Court's judgment granting summary judgment in favor of Defendants. *Janus v. AFSCME Council 31*, 942 F.3d 352 (7th Cir. 2019).

5. Plaintiff's petition for writ of certiorari was denied by the Supreme Court on January 25, 2021.

6. Since that date, the parties have engaged in preliminary discussions concerning settlement or further litigation of Plaintiff's claim for attorney's fees. They have determined that they will need additional time to ascertain whether a basis for settlement exists.

7. The parties therefore ask the Court to continue the stay of Local Rule 54-3 deadlines for an additional 45 days. The parties expect that, if this issue cannot be resolved through settlement within 45 days, they would submit to the Court a joint proposal regarding how Plaintiff's claim, and in particular the "prevailing party" issue, should be litigated.

WHEREFORE, the parties jointly and respectfully ask the Court to continue the stay of Local Rule 54-3 deadlines for an additional 45 days.

Respectfully submitted,

/s/ William Messenger

William Messenger
Aaron Solem
c/o National Right to Work Legal
Defense Foundation
8001 Braddock Rd., Suite 600
Springfield, VA 22160
(703) 321-8510
wlm@nrtw.org
abs@nrtw.org

Jeffrey Schwab
Liberty Justice Center
208 S. LaSalle St., Suite 1690
Chicago, IL 60604
(312) 637-2280
jschwab@libertyjusticecenter.org

*Counsel for Plaintiff Mark Janus*

/s/ John M. West

John M. West
Jacob Karabell
Bredhoff & Kaiser PLLC
805 15th Street NW, Suite 1000
Washington, DC 20005
(202) 842-2600
jwest@bredhoff.com
jkarabell@bredhoff.com

Melissa J. Auerbach
Stephen A. Yokich
Dowd, Bloch, Bennett, Cervone,
Auerbach & Yokich
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361
mauerbach@laboradvocates.com
syokich@laboradvocates.com

*Counsel for Defendant AFSCME Council 31*

## CERTIFICATE OF SERVICE

I, John M. West, an attorney, hereby certify that on February 11, 2021, I caused the foregoing **Joint Motion of Plaintiff Mark Janus and Defendant AFSCME Council 31 to Continue Stay of Rule 54-3 Deadlines** to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

I further certify that as of February 11, 2021, there are no nonregistered participants upon whom service by U.S. Mail is required.

s/ John M. West  
John M. West